UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAVID KNIFFEN,

    Plaintiff(s),   CASE NUMBER: 04-70497
              HONORABLE VICTORIA A. ROBERTS

v.

MACOMB COUNTY, et al.,

    Defendant(s).
_____/

**ORDER**

**I. INTRODUCTION**

This matter is before the Court on Plaintiff's Motion to Reinstate Claims and Defendants. For the reasons stated below, Plaintiff's motion is **DENIED**.

Defendants[1] filed motions to dismiss and for summary judgment before discovery began in this matter. In an Order entered November 24, 2004, Defendants' motions were granted in part and denied in part. The Court dismissed a number of Plaintiff's claims and a number of Defendants. Now, Plaintiff contends that new evidence revealed during discovery warrants reconsideration of the Courts' November 2004 ruling with respect to two Defendants--Charles Schumacher (of the Michigan State Police) and Jeff Pintal (of the Macomb County Sheriff's Department)--and four claims--illegal

---

[1]The named Defendants are: Macomb County, the State of Michigan, the City of Mount Clemens, the City of Clinton Township, confidential informant David Greenlee and numerous officers from the Michigan State Police and the Macomb County Sheriff's Office.

1

search, malicious prosecution (which he refers to as "prosecution without probable cause"), conspiracy and denial of due process. Discovery concluded on March 13, 2006.

Additionally, because of new evidence suggesting that Defendant Richard Margosian was the alleged perpetrator in his claim of First Amendment retaliation, Plaintiff requests that the Court allow him to assert the claim against Margosian and dismiss it against the person whom he initially asserted it, Defendant Joseph Guzdziol. And, Plaintiff requests that the Court find that an adverse inference instruction is warranted because of "missing" evidence he requested from Defendants but never received.

Plaintiff does not clearly indicate the court rule under which his motion is brought. The Court could construe it as a motion for reconsideration under Eastern District of Michigan Local Rule 7.1(g)(3). However, such motions must be filed within ten days after entry of the judgment or order. L.R. 7.1(g)(1). Because Plaintiff's motion is filed well beyond the ten-day limit, the Court finds that it is more appropriately construed as a request for reconsideration under FRCP 54(b).

## II.     ARGUMENTS AND ANALYSIS

### A.     Plaintiff Failed to Make the Requisite Showing for Reconsideration

Under Rule 54(b), district courts can revise interlocutory orders "at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties." *See also Mallory v Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment. A district court may modify, or even rescind, such

interlocutory orders.")(citations omitted).  The ten-day limitation of L.R. 7.1(g)(1) does not apply to motions brought under Rule 54(b).  *Lamar Advertising of Mobile, Inc. v City of Lakeland*, 189 F.R.D. 480, 492 (D.C. Fla. 1999).

Although it has yet to do so in a published opinion, the Sixth Circuit adopted the standard for reconsideration under Rule 54(b) which is applied in many other circuits:

> Traditionally, courts will find justification for reconsidering interlocutory orders when there is (1) an intervening change of controlling law; (2) new evidence available; or (3) a need to correct a clear error or prevent manifest injustice.

*Rodriguez v Tennessee Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 959 (6th Cir. 2004)(unpub. op.)(citing *Reich v Hall Holding Co.,* 990 F.Supp. 955, 965 (N.D. Ohio 1998)).  *See also Lamar*, 189 F.R.D. at 489; *Graessle v NCI Resource Management, Inc.,* 2006 W.L. 1133246, *2 (S.D. Ohio 2006).

Plaintiff makes his request on the second and third grounds.  He contends that new evidence revealed in discovery demonstrates that a question of fact exists with regard to the dismissed claims and Defendants he seeks to reinstate.  Therefore, he asserts that the Court must reverse its ruling to correct its error in finding that dismissal was warranted under FRCP 12(b)(6) and 56(c).

There is no merit to Plaintiff's claims.

### i.    Illegal Search and Denial of Due Process

The Court granted Defendants' motions for summary judgment on Plaintiff's claims of illegal search and denial of due process.

The Court considered Plaintiff's illegal search and malicious prosecution claims together and granted Defendants' motions on both because of Plaintiff's failure to attach

3

the evidence he cited in support of the claims:

> Defendants' raid was executed based on a search warrant signed by a magistrate. At a preliminary hearing, a state court judge found there was probable cause to bind Plaintiff over for trial. Thus, for Plaintiff to establish a prima facie case for illegal search and seizure or malicious prosecution, he must argue that both probable cause determinations were somehow tainted. Plaintiff successfully pleads these allegations in his complaint. However, on this motion for summary judgment, Plaintiff offers no evidence to support his claims beyond reference to trial and preliminary hearing testimony. However, these transcripts have not been presented to the Court to support Plaintiff's claims. Plaintiff's unsupported allegations are simply insufficient to survive a summary judgment challenge. Plaintiff's claims for malicious prosecution and illegal search and seizure are dismissed.

Order at pp. 16-17.

The Court found that Plaintiff's denial of due process claim was barred. Plaintiff alleged that he was denied due process when, incident to his arrest, Defendants seized two of Plaintiff's vehicles and $10,200 cash and refused to return the vehicles until Plaintiff paid a $1,000 fee for each vehicle. The Court granted Defendants' motion on the claim because Plaintiff signed waivers of liability when each of the items was returned. The Court found that Plaintiff failed to demonstrate that his execution of the waivers was either uninformed or involuntary.

Plaintiff requests that the Court reinstate both claims[2] and Defendant Pintal (with respect to the illegal search claim), based on "new" evidence obtained during discovery which he contends bolsters the claims. The alleged new evidence consists of deposition testimony and documents Plaintiff says were not available when the previous motions were briefed.

---

[2]Plaintiff's request for reinstatement of the malicious prosecution claim is discussed below.

The Court is not persuaded that the alleged new evidence is an appropriate basis for reconsideration.  Plaintiff's request is an apparent attempt to circumvent the requirements of FRCP 56(f), which states:

> (f) When Affidavits are Unavailable. Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

Under 56(f), it is incumbent upon the party opposing summary judgment to inform the Court *before* the motion is decided that he is unable to adequately respond without discovery.  *Abercrombie & Fitch Stores, Inc.  v American  Eagle Outfitters, Inc.*, 280 F.3d 619, 627 (6th Cir.  2002).  "[T]he non-movant must file an affidavit . . . that details the discovery needed, or file a motion for additional discovery."  *Id*.  *See also Emmons v McLaughlin,* 874 F.2d 351, 356-357 (6th Cir. 1989)(*quoting Willmer Poultry Co. v Morton-Norwich Products, Inc.*, 520 F.2d 289, 297 (8th Cir. 1975)) (A party seeking to invoke the protections of FRCP 56(f) must "affirmatively demonstrat[e] why he cannot respond to a movant's affidavits as otherwise required by Rule 56(e) and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.").

Here, Plaintiff asserted at various points in his Response to Defendants' motions that discovery would assist him in opposing their motions.  However, as the Court noted in its Order, Plaintiff did not file an affidavit or motion in support of his assertions.  *See* Order at pp. 5-6.  Consequently, the Court ruled on the evidence before it.

Under these circumstances, the new evidence Plaintiff relies upon does not warrant reconsideration. And, Plaintiff fails to show that the reconsideration is necessary to correct a clear error or prevent manifest injustice.

### ii.     Conspiracy

Plaintiff also cites "new" evidence in support of his request that the Court reinstate his conspiracy claim, as well as Defendants Schumacher and Pintal. However, the Court granted Defendant's motion to dismiss Plaintiff's conspiracy claim because it was insufficiently pled in Plaintiff's First Amended Complaint, not for lack of evidence:

> These allegations "lack the requisite material facts and specificity necessary to sustain a conspiracy claim." [*Guiterrez v Lynch*, 826 F.2d 1534, 1539 (6th Cir. 1987)].

Order at p. 11. The fact that Plaintiff has since gathered additional evidence in support of his claims is irrelevant since the defects in Plaintiff's pleading remain. The Court is only permitted on a motion to dismiss for failure to state a claim to consider the four corners of the complaint. *Kostrzewa v City of Troy,* 247 F.3d 633, 643 (6th Cir. 2001).

Plaintiff failed to demonstrate that reconsideration of its ruling on this claim is warranted.

### iii.    First Amendment Retaliation

After the raid, Plaintiff filed a citizen's complaint against the officers involved. He alleges that certain officers subsequently retaliated against him by requesting that additional charges be brought against him and notifying Ohio authorities and businessmen of the criminal investigation. As a result, Plaintiff says more charges were

6

brought against him, he lost the lease for his business in Ohio and his business was severely damaged.

Plaintiff only asserted these claims against Defendants Guzdziol, Pintal and Schumacher.  See First Amended Complaint at ¶94; Pl. Response Br. at pp. 43-46. The Court denied Defendants' motion for summary judgment on the claim, but found that Plaintiff only raised a question of fact with regard to Guzdziol.

Now, Plaintiff apparently seeks to assert the claim regarding additional charges against Margosian as well.  See Pl's. br. at Section V.  And, Plaintiff says that he misidentified Guzdziol as the officer who contacted authorities in Ohio regarding Plaintiff.  He has discovered through depositions that Defendant Margosian, rather than Guzdziol, contacted authorities in Ohio.  Plaintiff, therefore, says that his claim that authorities and businessman in Ohio were contacted should be dismissed against Guzdziol.  But, he requests permission to "substitute" Margosian for Guzdziol and proceed with the claim.

First, to the extent Plaintiff is asking to amend his Complaint pursuant to FRCP 15(a) to add his claim regarding additional charges against Margosian, his request is denied (for the reasons discussed more fully below).

Second, Plaintiff's request to simply "substitute" Margosian for Guzdziol is denied.  The Court will not permit Plaintiff to belatedly amend his Complaint for the reasons discussed below.  Moreover, Plaintiff failed to present any evidence establishing a *prima facie* retaliation claim against Margosian.  Plaintiff's unsupported allegations alone are insufficient.  However, since Plaintiff concedes, in part, that there

7

is no support for his claim against Guzdziol the Court directs the parties to submit a stipulated order dismissing Plaintiff's claim that Guzdziol retaliated by contacting authorities and businessmen in Ohio. Plaintiff's claim that Guzdziol retaliated by requesting additional charges remains.

### iv. Malicious Prosecution

Although his arguments are not clearly stated, Plaintiff seems to request that the Court reinstate the malicious prosecution claim against Guzdziol. The basis of the claim is not clear. After citing his and other witnesses' trial testimony which contradicts assertions apparently made against him by Guzdziol about a taser found during the raid, Plaintiff simply says that "[t]he false statements by Guzdziol about the ownership of the taser is the basis for [Plaintiff's] separate malicious prosecution claim against [Guzdziol] for the initiation and continuation of the prosecution without probable cause." Pl. br. at p. 38. And, in the Conclusion section of his Reply brief, Plaintiff states conclusorily that, "[t]he malicious prosecution claim has been established by the dismissal/acquittal of the criminal charges and the fact that Guzdziol falsely attributed ownership of the taser to [him]." Pl. Reply at p. 12.

To the extent Plaintiff's assertions are based on evidence revealed in discovery, his request for reconsideration of the Court's grant of summary judgment on this claim is denied for the reasons stated with regard to Plaintiff's illegal search and due process claims. *See* II(A)(i) above.

Notably, the fact that Plaintiff prevailed on the charges against him is not new evidence. Plaintiff had been acquitted by a jury of all of the drug charges, and the state

court had entered a judgment of acquittal on the taser charge when Plaintiff filed his First Amended Complaint. When the Court ruled on Defendants' motions, however, the taser charge was pending again because the Michigan Court of Appeals reversed the state court's ruling. The state prosecutor subsequently dismissed the charge. But, the fact that the taser charge was ultimately dismissed does not cure Plaintiff's failure on summary judgment to present evidence that Guzdziol made false assertions to establish probable cause during the preliminary examination hearing.

For the reasons stated, Plaintiff's purportedly new evidence does not warrant reconsideration of the Court's dismissal of Plaintiff's malicious prosecution claim. And, Plaintiff fails to show that reconsideration is necessary to correct a clear error or prevent manifest injustice.

### B.    Leave to Amend

Plaintiff asserts that, if the Court elects to treat his motion as a request for leave to amend his First Amended Complaint, none of the grounds which preclude granting leave is present. To the contrary, Defendants Margosian, David VanSingel and Schumacher assert that leave should be denied because the statute of limitations has run on any claims against Schumacher.[3] Defendants Guzdziol, John Becker and Pintal argue that allowing Plaintiff's belated request for leave to amend would be futile because

---

[3] Defendants argue that Plaintiff filed his lawsuit just before the three-year statute of limitations expired. And, Defendants say the Court's dismissal was an adjudication on the merits. Therefore, if any time remained after Plaintiff filed, Defendants say that it has since expired because the statute of limitations was not tolled during the pendency of the claims. Alternatively, they argue that the statute of limitations expired because it began to run again when the Court dismissed the claim.

Plaintiff simply restates his previous arguments.  They also contend that allowing Plaintiff to amend would be unduly prejudicial because two years have passed since the Court dismissed Pintal, the case has proceeded without him, and discovery is closed.

FRCP 15(a) requires that the Court liberally grant leave to amend "when justice so requires."  "If the underlying facts or circumstances relied upon by a plaintiff may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits[,]" unless there is undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or amendment would be futile.  *Foman v Davis*, 371 U.S. 178, 182 (1962).  "Delay by itself is not sufficient reason to deny a motion to amend.  Notice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted."  *Head v Jellico Housing Authority*, 870 F.2d 1117, 1123 (6th Cir. 1989).

To the extent Plaintiff requests leave to amend with respect to all or some of the claims he seeks to reinstate, Plaintiff's request is denied due to his undue delay and the undue prejudice to Defendants if amendment is allowed.[4]  Plaintiff offers no explanation for his inordinate delay in requesting leave to amend and it is not otherwise apparent.  The fact that Plaintiff gathered additional evidence during discovery does not justify the delay because the new evidence he relies upon only bolsters theories previously asserted.  Furthermore, discovery closed on March 13, 2006.  Additionally, Schumacher and Pintal were dismissed from this matter in November 2004.  Consequently, they did

---

[4]The Court does not reach Defendants Margosian, VanSingel and Schumacher's assertion that the statute of limitations would render amendment futile.

not participate in discovery or other defensive measures after that date. Finally, trial is scheduled to begin on December 12, 2006.

For all of these reasons, Plaintiff's request for leave to amend his First Amended Complaint is denied.

### C.     Missing Evidence

Plaintiff requests that the Court allow jurors to draw an adverse inference in his favor regarding Defendants' alleged failure to provide telephone records for the cell phones used by the officers in connection with the raid on his home. He contends that the evidence "would bear strongly on the disputed timeline in this case and the evidence of a falsely sworn and pre-signed warrant." Pl. br. at p. 40.

Plaintiff's request is denied. The only remaining claims are Plaintiff's First Amendment retaliation claim, and his Fourth Amendment claims of excessive force and failure to knock and announce. The disputed timeline is not relevant to any of these claims. The only claims for which evidence regarding the timeline would be relevant-- illegal search, conspiracy and malicious prosecution--have been dismissed.

### III.    CONCLUSION

Plaintiff's Motion to Reinstate Claims and Defendants is **DENIED**.

11

**IT IS SO ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 3, 2006

---

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 3, 2006.

s/Linda Vertriest

Deputy Clerk

---