**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID KNIFFEN,**

                **Plaintiff(s),**          **CASE NUMBER: 04-70497**
                                           **HONORABLE VICTORIA A. ROBERTS**

**v.**

**MACOMB COUNTY, et al.,**

                **Defendant(s).**

_____/

**ORDER DENYING STATE DEFENDANTS'**
**MOTION FOR SEPARATE TRIALS**

      This matter is before the Court on Defendants Richard Margosian and David

VanSingel's Motion for Separate Trials (Doc. #140).  Pursuant to FRCP 42(b),

Defendants request that the Fourth Amendment knock and announce violation alleged

against them be tried separately from Plaintiff's claims of excessive force and First

Amendment Retaliation against other Defendants.[1]

      Margosian and VanSingel contend that separate trials are necessary to avoid

prejudice to them, because Plaintiff is likely to solicit the sympathy of the jury during his

presentation of evidence on his other claims: "Should these claims be tried together, a

jury will not only hear evidence on the issue of the alleged knock and announce

violation, but also will see and hear extensive evidence relating to Plaintiff's claim that

he is an innocent man wrongfully accused who ultimately prevailed."  Def. Motion at ¶2.

---

      [1]The Court has also granted Plaintiff's motion to reinstate Plaintiff's Fourth
Amendment illegal search claim against Defendant Joseph Guzdziol.

Additionally, Defendants are concerned that jurors will be unable to distinguish the claims among the Defendants.  And, they say they should be allowed to avoid the inconvenience and expense of a lengthy trial, since their presentation of evidence will take substantially less time (a couple of hours) than will be necessary for the remaining claims (over one week).

A district court may bifurcate a trial "in furtherance of convenience or to avoid prejudice, or when separate trials will be conducive to expedition and economy."  FRCP 42(b).  "Only one of these criteria need be met to justify bifurcation."  *Saxion v Titan-C-Manufacturing, Inc.,* 86 F.3d 553, 556 (6th Cir. 1996).  However, the decision of whether to bifurcate is within the district court's discretion.  *Id.*

The Court is not persuaded that Defendants Margosian and VanSingel will be prejudiced by a joint trial or that jurors will be unable to navigate the respective claims and Defendants.  And, inasmuch as Plaintiff's claims stem from a connected series of events, the Court is not persuaded that judicial economy would be better served by conducting two trials which will cover much of the same evidence.

For these reasons, Defendants' motion is **DENIED**.

**IT IS SO ORDERED.**


s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 22, 2006

2

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 22, 2006.

s/Linda Vertriest
Deputy Clerk