**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**DAVID KNIFFEN,**

                    **Plaintiff(s),**          **CASE NUMBER: 04-70497**
                                               **HONORABLE VICTORIA A. ROBERTS**

**v.**

**MACOMB COUNTY, et al.,**

                    **Defendant(s).**
_____/

**ORDER**

**I.    INTRODUCTION**

       This matter is before the Court on Plaintiff's Motion for Reconsideration (Doc.

#142).  Plaintiff asks the Court to reconsider its dismissal of certain claims in its

November 24, 2004 Order and Opinion Granting, in Part, and Denying, in Part,

Defendants' Motions to Dismiss and for Summary Judgment, and the Court's November

3, 2006 denial of Plaintiff's Motion to Reinstate Claims.

       For the reasons stated below, Plaintiff's motion is **GRANTED IN PART** and

**DENIED IN PART**.

**II.    BACKGROUND**

       In an Order entered November 3, 2006, the Court denied Plaintiff David Kniffen's

motion to reinstate two Defendants (Charles Schumacher and Jeff Pintal) and four

claims (illegal search, malicious prosecution, conspiracy and denial of due process)

previously dismissed by the Court in an Order entered November 24, 2004.  Plaintiff

1

maintains, however, that the Court erred in its initial ruling on his illegal search, conspiracy and malicious prosecution claims.  Therefore, Plaintiff again requests that the Court reconsider its rulings and reinstate his claims, pursuant to FRCP 15 and 54(b) and Local Rule 7.1(g)(3).

### III.    APPLICABLE LAW AND ANALYSIS

#### A.    Fourth Amendment Illegal Search

Plaintiff asks the Court to reinstate his claim that the warrant to search his home was based upon false assertions by Defendants Joseph Guzdziol and Richard Margosian and resulted in an illegal search in violation of the Fourth Amendment.

"Police officers are entitled to rely on a judicially secured warrant for immunity from a [42 U.S.C.]§1983 action for illegal search and seizure unless the warrant is so lacking in indicia of probable cause, that official belief in the existence of probable cause is unreasonable."  *Yancey v Carroll County*, 876 F.2d 1238, 1243 (6th Cir. 1989).  "Thus, an officer cannot rely on a judicial determination of probable cause if that officer knowingly makes false statements and omissions to the judge such that but for these falsities the judge would not have issued the warrant."  *Id.*  An officer "may be held liable under §1983 for making material false statements either knowingly or in reckless disregard for the truth to establish probable cause . . ."  *Vakilian v Shaw*, 335 F.3d 509, 517 (6th Cir. 2003).  *See also Yancey*, 876 F.2d at 1244.

Contrary to the Court's ruling in its November 24, 2004 Order, Plaintiff contends that he presented sufficient evidence to raise a question of fact that Guzdziol and Margosian made false representations to obtain the search warrant.  Specifically,

2

Plaintiff points out that he presented evidence that: 1) the warrant was signed by the Magistrate at 7:34 p.m.; 2) Guzdziol swore out the affidavit in support of the search warrant in which he stated that a controlled buy took place at Plaintiff's home within 36 hours before the warrant request was presented; 3) Pintal initially indicated in his incident report that he contacted the confidential informant, David Greenlee, at 7:00 p.m. and went to pick him up thereafter; 4) Pintal's testimony and incident report establish that, before the warrant was requested, he picked Greenlee up at his house in Clawson, Michigan and drove him to a drop off point at Gratiot and Sixteen Mile Road, prepped Greenlee for the controlled buy, searched Greenlee after the buy was completed, and drove the evidence recovered from Greenlee to the COMET office; 4) Plaintiff testified that it takes 30-35 minutes to drive from Greenlee's house in Clawson to the drop off point via the route Pintal claimed to have taken; and 5) Plaintiff stated during an interview with Lieutenant Charles Schumacher that Greenlee did not come to his apartment until after 8:20 p.m.

When deciding a motion for summary judgment under FRCP 56(c), the court must view the evidence in the light most favorable to the nonmoving party and it must also draw all reasonable inferences in the nonmoving party's favor. *Cox v. Kentucky Dept. of Transp.*, 53 F.3d 146, 150 (6th Cir. 1995). The Court agrees that the above referenced evidence, viewed most favorably to Plaintiff, is sufficient to raise a question of fact regarding whether Defendant Guzdziol knowingly made false representations regarding material facts in order to establish probable cause for the warrant to search Plaintiff's home.

It is reasonable to presume that Guzdziol's claim that a controlled buy was

3

successfully completed was a significant factor in the Magistrate's decision to issue the warrant.  However, reasonable jurors could find that the alleged controlled buy could not have occurred before the Magistrate signed the warrant as Guzdziol represented.  The evidence indicates that it would have taken Pintal at least 30-35 minutes to pick Greenlee up from Clawson and that he did not contact Greenlee until 7:00 p.m.[1] Additionally, Plaintiff gave a statement asserting that Greenlee did not come to his home until after 8:20 p.m.

Collectively, this evidence is sufficient to raise a question of fact regarding whether Guzdziol falsely represented to the Magistrate that the buy had already occurred when he swore out the warrant, when in fact the buy did not occur until afterwards.  Therefore, the Court will exercise its discretion under FRCP 54(b) to revise its prior Order dismissing Plaintiff's claim of illegal search against Defendant Guzdziol. *See Mallory v Eyrich*, 922 F.2d 1273, 1282 (6th Cir. 1991)("District courts have inherent power to reconsider interlocutory orders and reopen any part of a case before entry of a final judgment.  A district court may modify, or even rescind, such interlocutory orders.")(citations omitted).  The Court finds that reversal of its prior ruling is warranted to prevent manifest injustice.  *See Rodriguez v Tennessee Laborers Health & Welfare Fund,* 89 Fed. Appx. 949, 959 (6th Cir. 2004)(unpub. op.)(listing the grounds upon which Rule 54(b) motions may be granted); *Lamar Advertising of Mobile, Inc. v City of Lakeland*, 189 F.R.D. 480, 489 (D.C. Fla. 1999); *Graessle v NCI Resource Management,*

---

[1]There was also evidence that Pintal later revised his incident report to indicate that he actually contacted Greenlee at 6:00 p.m.  However, Pintal's retraction of his earlier statement only creates a question of fact regarding which statement is true.

*Inc.,* 2006 W.L. 1133246, *2 (S.D. Ohio 2006).

Defendant Guzdziol previously asserted that, even if there was a constitutional violation, he is entitled to qualified immunity.  But, since there is a question of fact as to whether Plaintiff's Fourth Amendment rights were violated, the Court cannot reach the question of qualified immunity.  *See Gardenhire v Schubert,* 205 F.3d 303, 311 (6th Cir. 2000)(summary judgment is not appropriate if the question of immunity turns upon a disputed question of fact).

Turning to Defendant Margosian, the Court is not persuaded that Plaintiff's illegal search claim should be reinstated against him.  Indeed, the basis of Plaintiff's assertion of the claim against Margosian is not clear.  He only asserts that Margosian, as Guzdziol's Co-Officer-in-Charge on the night of the raid, "implicitly" lied to the Magistrate as well.

There is no legal or factual basis for imposing liability upon Margosian for Guzdziol's alleged false representations.  Plaintiff cites no authority indicating that Margosian and Guzdziol's shared authority as Officer-in-Charge is alone sufficient to impose liability on Margosian for Guzdziol's alleged misconduct.  And, there is no evidence that Margosian made any representations (false or otherwise) which the Magistrate relied upon in issuing the search warrant.  Guzdziol was the only officer to swear out the warrant.  Therefore, reconsideration of Plaintiff's Fourth Amendment illegal search claim against Margosian is not warranted.

**B.    Malicious Prosecution**

Plaintiff asks the Court to reinstate his claim of malicious prosecution against Defendant Guzdziol for the taser charge brought against him.

5

"Although [the Sixth Circuit] has yet to resolve the elements of a federal malicious prosecution claim, it is clear that a plaintiff must show, at a minimum, 'that there was no probable cause to justify [his] arrest and prosecution.'" *Thacker v City of Columbus,* 328 F.3d 244, 259 (6th Cir. 2003)(*quoting Darrah v City of Oak Park*, 255 F.3d 301, 312 (6th Cir. 2001)).  The Court notes that the state court already found that there was probable cause to arrest Plaintiff for possession of the taser,[2] and that such a finding typically estops a defendant from basing subsequent civil claims on lack of probable cause. *Darrah,* 255 F.3d at 311; *White v Tamlyn,* 961 F.Supp. 1047, 1054 (E.D. Mich. 1997). Collateral estoppel is not a bar, however, if an officer made materially false assertions during the criminal proceedings which the state court relied upon to find probable cause. *Darrah*, 255 F.3d at 311.

Here, the state court indicated that probable cause was established because the taser was found in Plaintiff's apartment and because he admitted ownership.  Pl. Motion to Reinstate, Exh. 7, Order of Dismissal.  The state court's presumption that Plaintiff admitted ownership was based upon Defendant Guzdziol's claim that Plaintiff and his roommate, Alan Mettler, said that the taser belonged to Plaintiff.  In fact, the taser belonged to Mettler.  Plaintiff denies that he or Mettler said otherwise.

However, the only evidence Plaintiff relies upon to refute Guzdziol's claim is Plaintiff and Mettler's equivocal trial testimony.  During Plaintiff's criminal trial, Plaintiff and Mettler admitted having no recollection of whether Guzdziol asked them about ownership of the taser.  They simply maintained that they would not have told Guzdziol

---

[2]*See* Pl. Motion to Reinstate, Exh. 7, Order of Dismissal.

that it belonged to Plaintiff if they had been asked:

> Plaintiff:
>
> Q:  And, lastly, that [sic] since you don't remember is it possible that
>
> you did tell Lieutenant Guzdziol yes, the Tazer [sic] is mine?
>
> A:  *If, in fact, that question did arise I would have not stated it was mine, because it was not.*
>
> Mettler:
>
> Q: Did you tell Detective Guzdziol that that Tazer [sic] was David
>
> Kniffen's?
>
> A: No, I didn't.
>
> Q: Did he ask you about the Tazer [sic]?
>
> A: I believe he did.  I can't remember exactly when.  I'm sure it was while I was being questioned in the bathroom.  *If he did ask me about it, I would have said it was mine.*

Pl. Response, Exh. 31, January 31, 2003 transcript at pp. 89, 226 (emphasis added).

Plaintiff and Mettler's speculation about what they might have said if they were asked the question is insufficient to refute Guzdziol's affirmative assertion to the contrary and create a question of fact.  And, since the taser was found in Plaintiff's apartment and there is no evidence to refute Guzdziol's claim that Plaintiff and Mettler said it belonged to Plaintiff, he has no basis to dispute that there was probable cause for the charge.  Therefore, reconsideration of Plaintiff's malicious prosecution claim is not warranted.

## C.     Conspiracy

Plaintiff contends that Guzdziol, Pintal and Margosian conspired to cover up the

fact that Guzdziol lied to the Magistrate in order to get the warrant.  He asserts that they

did so by falsifying their incident reports so that the timeline was consistent with the time

the warrant was signed; that is, they modified their reports to indicate that Pintal

contacted Greenlee at 6:00 p.m. rather than 7:00 p.m., which would have given them

sufficient time to complete the controlled buy before the warrant was signed at 7:34 p.m.

Therefore, he asks that the Court reinstate his conspiracy claim against Defendants

Guzdziol, Pintal and Margosian.

The Court dismissed Plaintiff's claim of civil conspiracy due to his failure to allege

the claim with the requisite specificity.  Plaintiff stated:

> 98.    Plaintiff hereby incorporates by reference herein Paragraphs 1
> through 97 of this Complaint, as if fully set forth herein.
>
> 99.    The acts of Defendants, including the CI David Greenlee, and
> each of them, insofar as they were undertaken, pursuant to
> agreement, scheme, plan, policy, conspiracy or concert of
> action in the wrongful acts complained of constitute
> conspiracy to violate civil rights under 42 USC 1983.

First Amended Complaint, Count VII.

Plaintiff maintains that the basis of his conspiracy claim is set forth in detail in the

97 paragraphs which precede the conspiracy count.  Therefore, he asserts that his

incorporation of the preceding 97 paragraphs into the conspiracy count is sufficient to

satisfy his pleading burden.

"It is well-settled that conspiracy claims must be pled with some degree of

specificity and that vague and conclusory allegations unsupported by material facts will

not be sufficient to state such a claim under [42 U.S.C. §1983]."  *Guiterrez v Lynch*, 826

F.2d 1534, 1538 (6th Cir. 1987).  Plaintiff's allegations in Count VII indisputably fall well

short of the degree of specificity required to allege a claim of conspiracy. And, to the extent that it is appropriate to simply incorporate all of the preceding paragraphs, Plaintiff's allegations still lack the requisite specificity. Plaintiff only directly accuses Guzdziol of covering up his false search warrant affidavit in various paragraphs scattered throughout the pleadings. *See* First Amended Complaint at ¶¶6(f,m), 32, 37, 40, 65. However, Plaintiff does not clearly identify the parties with whom Guzdziol allegedly conspired. *See Farhat v Jopke*, 370 F.3d 580, 599 (6th Cir. 2004)("A civil conspiracy is 'an agreement between two or more persons to injure another by unlawful action.'")(citation omitted).

And, there are only vague references to Pintal and Margosian's participation in *a* cover up. But, Plaintiff does not clearly allege that the cover up in which they were allegedly involved was falsification of incident reports. For instance, Plaintiff's allegation that Margosian engaged in a cover up seems to refer solely to a list of alleged wrongdoing by Margosian, which only included alleged assault, constitutional violations during execution of the raid and homophobic insults. First Amended Complaint at ¶10(e). In paragraph 19, Plaintiff generally alleges that all of the officers "created and submitted to a judge a search and seizure affidavit filled with numerous misrepresentation." And, in paragraph 76, Plaintiff says that all of the Defendants, particularly Pintal, Guzdziol and Schumacher, acted "in concert and conspiracy to deprive Plaintiff of his rights." However, Plaintiff does not clearly indicate which of the many acts allegedly committed against him he is referring to; in addition to the alleged falsification of records, the preceding paragraphs include claims that Plaintiff was

9

assaulted, falsely charged and defamed in the business community.

For all of these reasons, the Court finds that Plaintiff's claim of conspiracy was not adequately pled.  Reconsideration of this claim is not warranted.

## IV.    CONCLUSION

Plaintiff's motion to reconsider its dismissal of his Fourth Amendment illegal search claim against Defendant Guzdziol is **GRANTED**.  The balance of Plaintiff's motion is **DENIED**.

Trial will proceed on:

1.    First Amendment retaliation (with regard to request for additional charges)--Guzdziol;

2.    Fourth Amendment excessive force--Guzdziol and Becker;

3.    Fourth Amendment knock and announce--Guzdziol, Becker, Margosian and VanSingel; and

4.    Fourth Amendment illegal search--Guzdziol.

**IT IS SO ORDERED.**

s/Victoria A. Roberts
Victoria A. Roberts
United States District Judge

Dated:  November 22, 2006

The undersigned certifies that a copy of this document was served on the attorneys of record by electronic means or U.S. Mail on November 22, 2006.

s/Linda Vertriest

Deputy Clerk

11